UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JIMMIE STEPHEN,<br><br>    Petitioner,<br><br>  v.<br><br>K. CHAPPELL, Warden,<br><br>    Respondent.<br>_____/ | No. C 14-2876 SI (pr)<br><br>**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS** |

## INTRODUCTION

Jimmie Stephen filed this *pro se* action for writ of habeas corpus pursuant to 28 U.S.C. § 2254 to challenge a prison disciplinary decision that resulted in a forfeiture of time credits. The court reviewed the petition and found cognizable a claim that Stephen's due process rights were violated in that the disciplinary decision was not supported by sufficient evidence. Respondent has filed an answer to the order to show cause, and Stephen has filed a traverse. (Docket # 6).    For the reasons explained below, the petition will be denied.

## BACKGROUND

Jimmie Stephen was convicted in 1991 of second degree murder and found to have suffered prior convictions.  As a result of that conviction, he is now in custody at CSP San Quentin serving a sentence of 35 years to life in prison.  He does not challenge that conviction here.  Instead, the petition in this action challenges a disciplinary decision on a rule violation report, also commonly known as a CDC-115 for the form on which it is written.

A CDC-115 written by correctional officer K. Ancheta charged Stephen with "delaying staff in their duties." Resp. Ex. 2, p. 1. The CDC-115 described the circumstances of the incident that occurred at about 10:50 a.m. on October 9, 2013:

> I received a call from medical staff notifying me that they were coming to West Block in order to conduct a CDC-602H, Inmate Medical Appeal, and requested that Inmate STEPHEN . . . be made available. I released Inmate STEPHEN from his cell and ordered him to remain near the West Block Officers' Podium. Approximately 25 minutes later, when medical staff arrived in West Block in order to conduct their interview with Inmate STEPHEN, he was not in the area and could not be located. I announced via the unit PA system for Inmate STEPHEN to report back the (sic) the podium, but he did not respond. I began to search the unit for Inmate STEPHEN, and finally found him back in his cell. Inmate STEPHEN's actions delayed both custody and medical staff for approximately twenty (20) minutes, from 1115 hours to 1135 hours. Inmate STEPHEN's disregard for my order to remain available for medical staff caused a delay for both custody and medical staff, and caused a disruption in the daily program for the unit.

Resp. Ex. 2 at 1.

A disciplinary hearing was held on October 21, 2013. Resp. Ex. 2 at 3. The reporting employee and the sergeant in charge of the reporting employee were called as witnesses at the hearing by Stephen. In response to Stephen's questions, the sergeant stated he did not know where Stephen was when the correction officer ("C/O") was looking for him or for how long the C/O looked for Stephen, and thought the C/O was looking for Stephen for "'inmate accountability I believe but I am not sure.'" Resp. Ex. 2 at 4. In response to Stephen's question, "'Was I in my cell when you found me?'" the C/O stated, "'You were in the second time I went to your cell but not the first time.'" *Id.* Stephen testified, "I would never delay a peace officer, Ancheta is lying." *Id.* The CDC-115 states that Stephen's plea was "guilty," although this contradicts both Stephen's explanation and the hearing officer's reference to Stephen's "not guilty" plea on the next page. *Id.* at 4, 5.

The hearing officer found Stephen "guilty" of the Division D(7) offense of "WILLFULLY RESISTING, DELAYING OR OBSTRUCTING ANY PEACE OFFICER IN THE PERFORMANCE OF DUTY. Specifically, DELAYING & IMPEDING THE PERFORMANCE OF A PEACE OFFICER. This offense requires evidence that the defendant took a deliberate act that qualifies as resisting, delaying or obstructing a staff member, this action affected the ability of the staff member to perform his or her assigned duties and this staff

2

1 member was a peace officer. As a matter of institutional policy, this finding is limited to those circumstances where either additional staff intervention is required or this disruption results in a significant delay to the program." *Id.* at 4. The hearing officer stated that the finding was based upon the details of the incident report by C/O Ancheta, as well as Ancheta's statement at the hearing that he had to look for Stephen for at least 20 minutes before finding him back in his cell upon his second check of the cell. The hearing officer "did take into consideration the plea of not guilty entered by Stephen." *Id.* at 5. As a result of the finding of guilt, Stephen was assessed a 90-day credit forfeiture and assigned 40 hours of extra duty. *Id.*

Stephen filed unsuccessful inmate appeals about the disciplinary decision. He also filed unsuccessful state court habeas petitions challenging the disciplinary decision.

Stephen then filed this action. Respondent has filed an answer and Stephen has filed a traverse.

## JURISDICTION AND VENUE

This court has subject matter jurisdiction over this habeas action for relief brought under 28 U.S.C. § 2254. 28 U.S.C. § 1331. This action is in the proper venue because the petition concerns the execution of a sentence for a prisoner incarcerated in Marin County, California, which is within this judicial district. 28 U.S.C. §§ 84, 2241(d).

## STANDARD OF REVIEW

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Section 2254 is the proper jurisdictional basis for a habeas petition attacking the execution of a sentence by a petitioner in custody pursuant to the judgment of a state court. *See White v. Lambert*, 370 F.3d 1002, 1004 (9th Cir. 2004), *overruled on other grounds by Hayward v. Marshall*, 603 F.3d 546, 554 (9th Cir. 2010).

The Antiterrorism And Effective Death Penalty Act of 1996 ("AEDPA") amended §

2254 to impose new restrictions on federal habeas review. A petition may not be granted with respect to any claim that was adjudicated on the merits in state court unless the state court's adjudication of the claim: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d).

"Under the 'contrary to' clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the] Court has on a set of materially indistinguishable facts." *Williams (Terry) v. Taylor*, 529 U.S. 362, 412-13 (2000).

"Under the 'unreasonable application' clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from [the] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id.* at 413. "[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." *Id.* at 411. A federal habeas court making the "unreasonable application" inquiry should ask whether the state court's application of clearly established federal law was "objectively unreasonable." *Id.* at 409.

Stephen's petitions in state court were summarily rejected. See Resp. Exs. 5-6, 8.[1] "When a federal claim has been presented to a state court and the state court has denied relief, it may be presumed that the state court adjudicated the claim on the merits in the absence of any indication or state-law procedural principles to the contrary." *Harrington v. Richter*, 562 U.S. 86, —, 131 S. Ct. 770, 784-85 (2011) (one-sentence order denying habeas petition analyzed under §2254(d)); *see also Johnson v. Williams*, 133 S. Ct. 1088, 1096 (2013) (order discussing

---

[1] The Marin County Superior Court also rejected a habeas petition from Stephen, but that order indicated the only issue raised in that petition was that the prison was routinely rejecting his inmate grievances. *See* Resp. Ex. 4.

4

state law claim but not federal claim rebuttably presumed to be rejection on the merits and therefore subject to § 2254(d)). Stephen does not dispute that the state supreme court decided his claim on the merits.

**DISCUSSION**

A. <u>State Judicial Remedies Were Exhausted</u>

Prisoners in state custody who wish to challenge collaterally in federal habeas proceedings either the fact or length of their confinement are required first to exhaust state judicial remedies, either on direct appeal or through collateral proceedings, by presenting the highest state court available with a fair opportunity to rule on the merits of each and every claim they seek to raise in federal court. *See* 28 U.S.C. § 2254(b), (c).

To exhaust the factual basis for the claim, "the petitioner must only provide the state court with the operative facts, that is, 'all of the facts necessary to give application to the constitutional principle upon which [the petitioner] relies.'" *Davis v. Silva*, 511 F.3d 1005, 1009 (9th Cir. 2008) (citations omitted). *Compare id.* (finding that petitioner provided sufficient facts to exhaust claim concerning disciplinary proceeding where he explicitly stated that he was denied his due process rights under *Wolff v. McDonnell*, cited to a case, a statute and a regulation, and noted that he was charged with battery on a non-inmate) *with Wood v. Ryan*, 693 F.3d 1104, 1117 (9th Cir. 2012) (general allegation that prosecutor engaged in "pervasive misconduct" does not alert a state court to separate instances of purported misconduct), *and id.* at 1120 (general allegation of IAC is not sufficient to alert a state court to separate specific instances of IAC). For purposes of determining whether a claim has been exhausted, "counseled petitions in state court may, and sometime should, be read differently from pro se petitions." *Peterson v. Lampert,* 319 F.3d 1153, 1159 (9th Cir. 2003) (en banc).

Respondent argues that the petition must be rejected because state judicial remedies were not exhausted for the due process claim. The court does not agree. Petitioner's federal habeas petition was quite garbled, and extremely liberal construction was needed to find the due process claim. His habeas petition in the California Supreme Court was also quite garbled, and this court

5

1  reads that *pro se* petition liberally to include a due process claim based on the insufficiency of
2  the evidence. Although petitioner's state habeas petition in the California Supreme Court was
3  not a model of good advocacy, he did use the phrase "due process," did state that "petitioner
4  was false[ly] written up," and did cite to the case of *Wolff v. McDonnell*, 418 U.S. 539 (1974),
5  in the portion of the petition in which he was directed to state the grounds for relief. Resp. Ex.
6  7 at 3. *Wolff* sets out the procedural protections that are necessary in a prison disciplinary
7  hearing to satisfy the federal right to due process, although *Wolff* itself does not discuss the
8  evidentiary requirement. The Supreme Court case that added the requirement that there be
9  "some evidence" to support the disciplinary decision is *Superintendent v. Hill*, 472 U.S. 445,
10 454 (1985). It would not be unreasonable for a layman to refer to all the procedural protections
11 constitutionally required in a disciplinary proceeding as the "*Wolff* protections." The state court
12 receiving Stephen's petition would be required to engage in the same liberal construction as this
13 court does in order to do substantial justice. *Cf. In re Joshua S.*, 41 Cal.4th 261, 272 (Cal. 2007)
14 ("'notices of appeal are to be liberally construed so as to protect the right of appeal if it is
15 reasonably clear what [the] appellant was trying to appeal from, and where the respondent could
16 not possibly have been misled or prejudiced"). State judicial remedies have been exhausted for
17 the due process claim.

19 B.   The Due Process Claim Fails

20 An inmate in California is entitled to due process before being disciplined when the
21 discipline imposed will inevitably affect the duration of his sentence. *See Sandin v. Conner*, 515
22 U.S. 472, 484, 487 (1995). The process due in such a prison disciplinary proceeding includes
23 written notice, time to prepare for the hearing, a written statement of decision, allowance of
24 witnesses and documentary evidence when not unduly hazardous, and aid to the accused where
25 the inmate is illiterate or the issues are complex. *Wolff v. McDonnell*, 418 U.S. 539, 564-67
26 (1974). The Due Process Clause only requires that prisoners be afforded those procedures
27 mandated by *Wolff* and its progeny; it does not require that a prison comply with its own, more
28 generous procedures. *See Walker v. Sumner*, 14 F.3d 1415, 1419-20 (9th Cir. 1994), *overruled*

6

*on other grounds by Sandin*, 515 U.S. 472.

The revocation of good-time credits "does not comport with 'the minimum requirements of procedural due process' unless the findings of the prison disciplinary [decision-maker] are supported by some evidence in the record." *See Superintendent v. Hill*, 472 U.S. 445, 454 (1985) (quoting *Wolff*, 418 U.S. at 558). There must be "some evidence" from which the conclusion of the decision-maker could be deduced. *Id.* at 455. An examination of the entire record is not required nor is an independent assessment of the credibility of witnesses or weighing of the evidence. *Id.* The relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary decision-maker. *Id.* This standard is considerably lower than that applicable in criminal trials. *Id.* at 456.

Here, there was sufficient evidence to support the disciplinary decision. The evidence included: (a) C/O Ancheta's written description in the CDC-115 that he had ordered Stephen to remain at the podium, that Stephen left the area, that Ancheta called for him over the PA without success, that Ancheta had to look for him for 20 minutes before finding him, and that Stephen's failure to stay at the podium as ordered had delayed custodial staff, medical staff and programming in the unit; and (b) Ancheta's statement at the hearing that he looked for 20 minutes before finding Stephen in his cell, where Stephen was not to be found the first time Ancheta looked for him there. This is enough to satisfy the extremely deferential "some evidence" standard.

"The Federal Constitution does not require evidence that logically precludes any conclusion but the one reached by the disciplinary board." *Superintendent v. Hill*, 472 U.S. at 457. The evidence supporting the disciplinary decision was constitutionally sufficient and reliable. Stephen's right to due process was not violated by the hearing officer's decision to find him guilty and impose discipline. The state court's rejection of his claim was not contrary to or an unreasonable application of clearly established federal law. Stephen is not entitled to the writ of habeas corpus.

A certificate of appealability will not issue. *See* 28 U.S.C. § 2253(c). This is not a case in which "reasonable jurists would find the district court's assessment of the constitutional

7

claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Stephen's "motion to strike '3' 'false' compromised 115 or 'disciplinary write-ups'" is DENIED. (Docket # 7.) As mentioned in the order to show cause, the only CDC-115 at issue in this case is the one for the October 9, 2013 incident. With regard to the CDC-115 for the October 9, 2013 incident, no relief (such as striking the CDC-115) will be granted because there was no due process violation.

**CONCLUSION**

The petition for writ of habeas corpus is DENIED on the merits. The clerk shall close the file.

IT IS SO ORDERED.

Dated: February 9, 2015

_____
SUSAN ILLSTON
United States District Judge

8